UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware corporation; AMAZON.COM SERVICES LLC, a Delaware limited liability company; and THE CHAMBERLAIN GROUP LLC, a Delaware limited liability company,

Plaintiffs,

v.

ANDREW PATTEN, an individual; APLUSDEALZ.COM LLC, a Florida limited liability company; and DOES 1-10,

Defendants.

No.

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

## I. INTRODUCTION

1. This case involves Defendants' unlawful and expressly prohibited sale of counterfeit LiftMaster-branded garage door opener remote controls using the trademarks of The Chamberlain Group LLC ("Chamberlain"). Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") and Chamberlain (with Amazon, "Plaintiffs") jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and Chamberlain's customers, reputations, and intellectual property ("IP"), and to hold Defendants accountable for their illegal actions.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

2. Amazon.com Services LLC owns and operates the Amazon.com store (the "Amazon Store"), and Amazon's affiliates own and operate equivalent counterpart international stores and websites. Amazon's stores offer products and services to customers in more than 100 countries around the globe. Some of the products are sold directly by Amazon entities, while others are sold by Amazon's numerous third-party selling partners. The Amazon brand is one of the most well-recognized, valuable, and trusted brands in the world. To protect its customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit and infringing goods from being sold in its stores. Amazon has invested billions of dollars and employed thousands of people—including machine learning scientists, software developers, and expert investigators—who are dedicated to protecting customers, brands, selling partners, and Amazon's stores from counterfeits, fraud, and other forms of abuses.

3. Founded in 1906, Chamberlain offers innovative access control devices, including residential garage door openers, commercial door operators, gate access solutions, home smart access control and monitoring products, and related accessories. These devices transform how people access their homes, communities, workplaces, and businesses. Chamberlain is the leader in residential garage door openers and commercial door operators, with products grounded in safety, security, connectivity, and reliability. Among other product offerings, Chamberlain develops, manufactures, and sells well-known LiftMaster products, which have been recognized as one of the top brands of professionally installed garage door openers. As an inventive company, Chamberlain also offers its myQ technology for remote monitoring and control of homes and businesses, including garage doors, locks, lights, cameras, and gates. Additionally, Chamberlain has partnered with Amazon to develop Amazon Key In-Garage Delivery, a program that uses Chamberlain myQ-enabled product lines to facilitate deliveries inside customers' garages to prevent package theft and provide protection from potentially damaging weather like heat and rain. One of LiftMaster's most popular remotes is its 893MAX remote, which is a universal three-button remote for opening garage doors, including all LiftMaster



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

garage door openers manufactured since January 1993. LiftMaster also sells the 890MAX remote, a keychain-sized universal three-button remote for opening garage doors, and the 371LM remote, a one-button remote, which is compatible with a limited number of garage door opener frequencies. Each of these LiftMaster remotes are branded with the LIFTMASTER trademark.[1]

4. Chamberlain owns, manages, enforces, licenses, and maintains IP, including various trademarks. Relevant to this Complaint, Chamberlain owns the following registered trademarks (the "LiftMaster Trademarks").

| Mark | Registration No. (International Classes) |
|---|---|
| LIFTMASTER | 2,724,638 (IC 7, 9, 37) |
| LIFTMASTER | 863,447 (IC 9) |

True and correct copies of the registration certificates for the LiftMaster Trademarks are attached as **Exhibit A**.

5. In September 2008, Defendants registered with Amazon to sell in the Amazon Store. From August 31, 2024 through September 22, 2025, Defendants advertised, marketed, offered, distributed, and sold counterfeit LiftMaster-branded garage door opener remote controls in the Amazon Store (namely, unauthorized imitations of the 893MAX, 890MAX, and 371LM remotes), using the LiftMaster Trademarks, without authorization, in order to deceive customers about the authenticity and origin of the products and the products' affiliation with Chamberlain.

6. As a result of their illegal actions, Defendants have infringed and misused Chamberlain's IP; breached their contract with Amazon; willfully deceived and harmed Amazon, Chamberlain, and their customers; compromised the integrity of the Amazon Store; and undermined the trust that customers place in Amazon and Chamberlain. Defendants' illegal actions have caused Amazon and Chamberlain to expend significant resources to investigate and

[1] Information about LiftMaster's 893MAX remote can be found online at https://www.liftmaster.com/893max-universal-gate-and-garage-door-opener-remote/p/G893MAXMC. Information about LiftMaster's 890MAX remote can be found online at https://www.liftmaster.com/remote-control-890max/p/G890MAXMC#. Information about LiftMaster's 371LM remote can be found online at https://www.liftmaster.com/1-button-remote-control/p/G371LM.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, Chamberlain, and their customers.

## II. PARTIES

7. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington. Amazon.com Services LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington.

8. Chamberlain is a Delaware limited liability company with its principal place of business in Oak Brook, Illinois.

9. Defendants are a collection of individuals and entities, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint. Defendants operated, controlled, and/or were responsible for the Garage Vault 24/7 selling account (the "Selling Account"). Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, *respondeat superior*, vicarious liability, and/or contributory infringement.

10. On information and belief, Defendant Andrew Patten ("Patten") is an individual residing in Florida. Defendant Patten is the owner, manager, and/or controlling person of Defendant Aplusdealz.com LLC ("A Plus Dealz"). Defendant Patten personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and he derived a direct financial benefit from that wrongful conduct.

11. On information and belief, Defendant A Plus Dealz is a Florida limited liability company with its principal place of business at 4180 NW 45 St., Lauderdale Lakes, FL, 33319. Defendant A Plus Dealz personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and it derived a financial benefit from that wrongful conduct.

12. On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and/or entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, distribute, and sell



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

counterfeit LiftMaster-branded products. The identities of the Doe Defendants are presently unknown to Plaintiffs.

## III. JURISDICTION AND VENUE

13. The Court has subject matter jurisdiction over Chamberlain's Lanham Act claim for trademark counterfeiting and trademark infringement, and Amazon's and Chamberlain's Lanham Act claims for false designation of origin, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). The Court has subject matter jurisdiction over Amazon's breach of contract claim and Amazon's and Chamberlain's claims for violation of the Washington Consumer Protection Act, pursuant to 28 U.S.C. §§ 1332 and 1367.

14. The Court has personal jurisdiction over Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and Chamberlain's claims arise from those activities. Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold in the Amazon Store products using counterfeit versions of the LiftMaster Trademarks and which otherwise infringed Chamberlain's IP. Additionally, Defendants shipped products bearing counterfeit versions of the LiftMaster Trademarks to consumers in Washington. Each Defendant committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and Chamberlain substantial injury in Washington.

15. Further, Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of IP rights and claims related to the sale of counterfeit products in the Amazon Store are the state or federal courts located in King County, Washington.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington. Venue is also proper in this Court because Defendants consented to it under the BSA.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

17. Pursuant to Local Civil Rule 3(e), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV. FACTS

### A. Amazon's Efforts to Prevent the Sale of Counterfeit Goods.

18. Amazon works hard to build and protect the reputation of its stores as places where customers can conveniently select from a wide array of authentic goods and services at competitive prices. Amazon invests vast resources to ensure that when customers make purchases in Amazon's stores—either directly from Amazon entities or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

19. A small number of bad actors seek to take advantage of the trust customers place in Amazon by attempting to create Amazon selling accounts to advertise, market, offer, distribute, and sell counterfeit products. These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers. This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

20. Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of its customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products from ever being offered to customers in Amazon's stores. Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in Amazon's stores. Amazon's systems automatically and continuously scan thousands of data points to prevent, detect, and remove counterfeits from its stores and to terminate the selling accounts of bad actors before they can offer counterfeit products. When Amazon identifies issues based on this feedback, it takes action to address them. Amazon also



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

uses this intelligence to improve its proactive prevention controls. In 2025, Amazon's proactive controls blocked more than 99.9% of suspected infringing listings before a brand ever had to find and report them.

21. In 2017, Amazon launched Brand Registry, a free service that offers rights owners an enhanced suite of tools for monitoring and reporting potential instances of infringement, regardless of whether they sell in Amazon's stores. Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP. Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for, identify, and report potentially infringing products using state-of-the-art image search technology.

22. In 2018, Amazon launched Transparency, a product serialization service that prevents counterfeits from reaching customers for enrolled products. Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased. More than 2.7 billion product units have been verified as genuine through Amazon's Transparency program.

23. In 2019, Amazon launched Project Zero, a program to empower brands to help Amazon drive counterfeits to zero. Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from Amazon's stores. This enables brands to take down counterfeit product offerings on their own within minutes. Since launch, more than 35,000 brands have enrolled in Project Zero.

24. Amazon uses advanced technology and expert human reviewers to verify the identities of potential sellers. When prospective sellers apply to sell in Amazon's stores, they are required to provide government-issued photo IDs, business credentials, bank statements, and proof of address—cross-checked against internal and external databases where possible. Amazon employs advanced identity detection methods such as document forgery detection, image and video verification, and other technologies to confirm the authenticity of government-issued IDs



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

and whether such IDs match the individual applying to sell in Amazon's stores. In addition to verifying IDs, Amazon's systems analyze numerous data points, including behavior signals and connections to previously detected bad actors, to detect and prevent risks.

25. Similarly, throughout the selling experience in Amazon's stores, Amazon's systems monitor selling accounts to identify anomalies or changes in account information, behaviors, and other risk signals. In the event that Amazon identifies a risk of fraud or abuse, it promptly initiates an investigation using automated and/or human review, may request additional information, and swiftly removes bad actors from its stores.

26. In addition to the measures discussed above, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal activity. Lawsuits, like this one, as well as criminal referrals, are integral components of Amazon's efforts to combat counterfeits and other inauthentic products. Since its launch in 2020, Amazon's Counterfeit Crimes Unit has pursued more than 32,000 bad actors through litigation and criminal referrals to law enforcement.

### B. Chamberlain and Its Anti-Counterfeiting Efforts.

27. Chamberlain goes to great lengths to protect consumers from counterfeits of its products, and it is committed to leading efforts to combat counterfeit products. Chamberlain utilizes both internal and external resources to combat counterfeit and infringing products. Chamberlain works with third-party brand protection service vendors on the detection and removal of product listings violating their IP rights across the globe, including counterfeit devices bearing Chamberlain's brand names.

28. Chamberlain is currently enrolled in Brand Registry. Chamberlain has actively used the tools and protections provided by this program since 2021.

### C. Defendants Created an Amazon Selling Account, Agreed Not to Sell Counterfeit Goods, Agreed to Provide Accurate Information to Amazon, and Agreed to Reimburse Amazon for Damages Arising from Customer Refunds.

29. Defendants established, controlled, and operated the Selling Account detailed in Section D below. Defendants used this Selling Account to advertise, market, offer, distribute,



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

and sell counterfeit LiftMaster-branded products. In connection with this Selling Account, Defendants provided Amazon with names, an email address, phone numbers, a tax identification number, bank information, government-issued identification for an individual acting on behalf of the Selling Account, and a copy of a government-issued record or tax document for the entity operating the Selling Account.

30. To become a third-party seller in the Amazon Store, an applicant is required to agree to the BSA, which governs the seller's access to and use of Amazon's services and states Amazon's rules for selling in the Amazon Store. By entering into the BSA, each seller represents and warrants that it "will comply with all applicable Laws in [the] performance of its obligations and exercise of its rights" under the BSA. A true and correct copy of the applicable version of the BSA, namely, the version Defendants last agreed to when using Amazon's services, is attached as **Exhibit B**.

31. Under the terms of the BSA, Amazon specifically identifies the sale of counterfeit goods as "deceptive, fraudulent, or illegal activity" that violates Amazon's policies, and Amazon reserves the right to withhold payments and terminate the selling account of any bad actor who engages in such conduct. Ex. B, ¶¶ 2-3. The BSA requires the seller to defend, indemnify, and hold Amazon harmless against any claims or losses arising from the seller's "actual or alleged infringement of any Intellectual Property Rights." *Id.* ¶ 6.1.

32. Additionally, the BSA incorporates, and sellers therefore agree to be bound by, Amazon's Program Policies. The BSA defines "Program Policies" as "all policies and program terms provided on the Program Policies page," which contains a hyperlink to a webpage where those policies are listed. One of the Program Policies is Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**.

33. The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon Store:

- The sale of counterfeit products is strictly prohibited.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

> - You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]
> - You must provide records about the authenticity of your products if Amazon requests that documentation[.]
>
> Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfillment centers, and other legal consequences.

*Id.*

34. Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon Store, and describes the consequences of selling inauthentic products:

> - Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:
>   - Bootlegs, fakes, or pirated copies of products or content
>   - Products that have been illegally replicated, reproduced, or manufactured
>   - Products that infringe another party's intellectual property rights
> - Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading is a violation of this policy and will lead to enforcement against your account.
> - Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.
> - Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:
>   - Remove suspect listings.
>   - Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

> products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

35. Additionally, under the BSA, sellers agree that the information and documentation they provide to Amazon in connection with their selling accounts—such as identification, contact, and banking information—will, at all times, be valid, truthful, accurate, and complete. Specifically, the BSA requires that:

- As part of the application [process], you must provide us with your (or your business') legal name, address, phone number and e-mail address, as well as any other information we may request. Ex. B, ¶ 1.
- You will use only a name you are authorized to use in connection with a[ny Amazon] Service and will update all of the information you provide to us in connection with the Services as necessary to ensure that it at all times remains accurate, complete, and valid. *Id.* ¶ 2.
- Each party represents and warrants that: (a) if it is a business, it is duly organized, validly existing and in good standing under the Laws of the country in which the business is registered and that you are registering for the Service(s) within such country; (b) it has all requisite right, power, and authority to enter this Agreement, perform its obligations, and grant the rights, licenses, and authorizations in this Agreement; (c) any information provided or made available by one party to another party or its Affiliates is at all times accurate and complete[.] *Id.* ¶ 5.

36. When Defendants registered as a third-party seller in the Amazon Store, and established their Selling Account, they agreed not to advertise, market, offer, distribute, or sell counterfeit products, and agreed to provide Amazon with accurate and complete information and to ensure that information remained accurate and complete.

37. Defendants also agreed to reimburse Amazon for any amounts that Amazon refunded to customers who purchased products from Defendants. The BSA provides:

- You will defend, indemnify, and hold harmless Amazon … against any … loss, damage, settlement cost, expense, or other liability … arising from or related to … Your Products, including the … refund … thereof[.] *Id.* § 6.1.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

- If we determine that your actions or performance may result in returns, chargebacks, claims, disputes, violations of our terms or policies, violations of law or other risks to Amazon or third parties, then we may in our sole discretion withhold any payments to you for as long as we determine any related risks to Amazon or third parties persist. For any amounts that we determine you owe us, we may … collect payment or reimbursement from you by any other lawful means. *Id.* § 2.

**D. Defendants' Sale of Counterfeit LiftMaster-Branded Products.**

38. From August 31, 2024 through September 22, 2025, Defendants advertised, marketed, offered, distributed, and sold inauthentic LiftMaster-branded garage door opener remote controls through the Selling Account. On information and belief, during this period, the Selling Account was controlled and operated by Defendants and, on further information and belief, other parties unknown.

39. As set forth below, Chamberlain has confirmed that the Selling Account sold counterfeit LiftMaster-branded garage door opener remote controls (for models 893MAX, 890MAX, and 371LM) based on examination of physical samples that Amazon provided from the Selling Account's quarantined inventory.

40. On September 23, 2026, Chamberlain examined a physical product from the Selling Account's inventory that the Selling Account advertised as a "LiftMaster 371LM Security+ 1-Button Garage Door Opener Remote Control." Chamberlain confirmed that the product bore the LiftMaster Trademarks, and determined that the product was inauthentic and infringing based on deviations from Chamberlain's authentic products, including improper markings on the plastic housing of the remote and discrepancies in the product's circuit board.

41. On September 24, 2026, Chamberlain examined a physical product from the Selling Account's inventory that the Selling Account advertised as a "LiftMaster 893Max Security+ 2.0 3-Button Gate Operator Remote Control with Visor Clip - Pack of 2." Chamberlain confirmed that the product bore the LiftMaster Trademarks, and determined that the product was inauthentic and infringing based on deviations from Chamberlain's authentic products, including improper markings on the plastic housing of the remote and discrepancies in the product's circuit board.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

42. On September 25, 2026, Chamberlain examined a physical product from the Selling Account's inventory that the Selling Account advertised as a "Liftmaster 893Max by LiftMaster." Chamberlain confirmed that the product bore the LiftMaster Trademarks, and determined that the product was inauthentic and infringing based on deviations from Chamberlain's authentic products, including improper markings on the plastic housing of the remote and discrepancies in the product's circuit board.

43. On September 26, 2026, Chamberlain examined a physical product from the Selling Account's inventory that the Selling Account advertised as a "LiftMaster 890MAX Mini Key Chain Garage Door Opener Remote 2pk." Chamberlain determined that the product was inauthentic based on deviations from Chamberlain's authentic products, including improper markings on the plastic housing of the remote and discrepancies in the product's circuit board. Although the physical product and packaging did not bear the LiftMaster Trademarks (unlike the other products described above), the product had been deceptively advertised and offered for sale via a product listing page that displayed the LiftMaster Trademarks in the title, product images, and product description, and which falsely held out the product as a genuine LiftMaster garage door opener remote.

44. In addition, Defendants submitted invoices to Amazon that purported to show that they had purchased their counterfeit products from Chamberlain or Chamberlain's authorized resellers. Amazon and Chamberlain have confirmed that the invoices were falsified, as Chamberlain never issued the invoices that were purportedly from Chamberlain, and a reseller confirmed that it did not issue the invoice purportedly from that reseller.

45. The totality of the facts demonstrates that Defendants' advertisement and sale of counterfeit LiftMaster-branded garage door opener remote controls is highly likely to cause consumer confusion about the source of Defendants' products. First, Defendants falsely advertise their counterfeit garage door opener remote controls as genuine LiftMaster-branded garage door opener remote controls. Second, Defendants' counterfeit garage door opener remote controls bear marks that are identical to, or substantially indistinguishable from, the LiftMaster



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Trademarks. Third, Defendants' counterfeit garage door opener remote controls mimic the appearance and design of LiftMaster's genuine garage door opener remote controls (models 893MAX, 890MAX, or 371LM) in a deliberate attempt to pass off Defendants' garage door opener remote controls as authentic. Fourth, Defendants have marketed and sold their counterfeit LiftMaster-branded garage door opener remote controls through the same trade and advertising channels that are used to market and sell genuine LiftMaster garage door opener remote controls, including online and in the Amazon Store. Fifth, Defendants intended to confuse customers about the source of their products through their knowing and willful misuse of Chamberlain's IP, including the LiftMaster Trademarks. Sixth, on information and belief, Defendants' conduct resulted in actual consumer confusion because a substantial volume of LiftMaster-branded products were purchased by customers through the Selling Account.

**E. Amazon Shut Down Defendants' Selling Account.**

46. Defendants falsely represented to Amazon and its customers that the counterfeit and infringing LiftMaster-branded products that they sold were genuine products made by Chamberlain. Defendants also knowingly and willfully used Chamberlain's IP in connection with the advertising, marketing, offering, distributing, and selling of counterfeit and infringing LiftMaster-branded products.

47. At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon Store, from providing inaccurate information to Amazon and its customers, from misrepresenting the authenticity of the products sold, and from misleading Amazon and its customers through their sale of inauthentic Chamberlain products. Defendants have breached the terms of their agreements with Amazon; deceived Amazon's customers and Amazon; infringed and misused the IP rights of Chamberlain; harmed the integrity of and customer trust in the Amazon Store; and tarnished Amazon's and Chamberlain's brands.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

48. After Amazon verified Defendants' sale of counterfeit LiftMaster-branded products, it blocked the Selling Account. In doing so, Amazon exercised its rights under the BSA to protect its customers and the reputations of Amazon and Chamberlain.

49. Amazon also proactively issued refunds to customers who purchased the counterfeit LiftMaster-branded products from Defendants in accordance with Amazon's refunds policies. Defendants have not reimbursed Amazon.

## V. CLAIMS

### FIRST CLAIM
***(by Chamberlain against all Defendants)***
**Trademark Counterfeiting and Trademark Infringement – 15 U.S.C. § 1114**

50. Plaintiff Chamberlain incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

51. Defendants' activities constitute counterfeiting and infringement of the LiftMaster Trademarks as described in the paragraphs above.

52. Chamberlain owns the LiftMaster Trademarks. Chamberlain advertises, markets, offers, distributes, and sells its products using the LiftMaster Trademarks. Chamberlain uses the LiftMaster Trademarks to distinguish its products from the products and related items of others in the same or related fields.

53. Because of Chamberlain's long, continuous, and exclusive use of the LiftMaster Trademarks, the Trademarks are understood by customers and the public to signify products from Chamberlain.

54. Defendants unlawfully advertised, marketed, offered, distributed, and sold products using counterfeit and infringing versions of the LiftMaster Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by Chamberlain and likely caused such erroneous customer beliefs.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

55. As a result of Defendants' wrongful conduct, Chamberlain is entitled to recover its actual damages, Defendants' profits attributable to the infringement, treble damages, and attorneys' fees pursuant to 15 U.S.C. § 1117(a) and (b). Alternatively, Chamberlain is entitled to statutory damages under 15 U.S.C. § 1117(c) for Defendants' use of counterfeit marks.

56. Chamberlain is further entitled to injunctive relief, including an order impounding all counterfeit and infringing products and promotional materials in Defendants' possession. Chamberlain has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the LiftMaster Trademarks are unique and valuable properties that have no readily-determinable market value; (b) Defendants' counterfeiting and infringing activities constitute harm to Chamberlain and Chamberlain's reputation and goodwill such that Chamberlain could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the counterfeit and infringing materials; and (d) the resulting harm to Chamberlain due to Defendants' wrongful conduct is likely to be continuing.

## SECOND CLAIM
***(by Chamberlain and Amazon against all Defendants)***
**False Designation of Origin – 15 U.S.C. § 1125(a)**

57. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

58. Chamberlain owns the LiftMaster Trademarks. Chamberlain advertises, markets, offers, distributes, and sells its products using the LiftMaster Trademarks, and uses the LiftMaster Trademarks to distinguish its products from the products and related items of others in the same or related fields.

59. Because of Chamberlain's long, continuous, and exclusive use of the LiftMaster Trademarks, the Trademarks are understood by customers, users, and the public to signify products from Chamberlain.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

60. Amazon's reputation for trustworthiness is at the heart of its relationship with customers. Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon Store.

61. Defendants unlawfully advertised, marketed, offered, distributed, and sold products using counterfeit versions of the LiftMaster Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. On information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, distributed, or sold in connection with the LiftMaster Trademarks and wrongfully trades upon Chamberlain's goodwill and business reputation.

62. Further, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, distributing, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policy. Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in the Amazon Store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

63. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish selling accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

64. Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by Chamberlain, all in violation of 15 U.S.C. § 1125(a)(1)(A).



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

65. Plaintiffs are entitled to an injunction against Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with attorneys' fees and costs in investigating and bringing this lawsuit. Defendants' acts have caused irreparable injury to Plaintiffs. On information and belief, that injury is continuing. An award of monetary damages cannot fully compensate Plaintiffs for their injuries, and Plaintiffs lack an adequate remedy at law.

66. Chamberlain is further entitled to recover Defendants' profits, Chamberlain's damages for its losses, and Chamberlain's costs to investigate and remediate Defendants' conduct and bring this action, in an amount to be determined. Chamberlain is also entitled to the trebling of any damages award as allowed by law. Amazon is also entitled to recover its damages arising from Defendants' sale of counterfeit products in the Amazon Store.

## THIRD CLAIM
### *(by Chamberlain and Amazon against all Defendants)*
### Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.*

67. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

68. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit LiftMaster-branded products constitute unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

69. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit LiftMaster-branded products harm the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

70. Defendants' advertising, marketing, offering, distributing, and selling of counterfeit LiftMaster-branded products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

71. Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover from Defendants their attorneys' fees and costs. Chamberlain further seeks to recover



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

from Defendants its actual damages, trebled, and Amazon further seeks to recover from Defendants its actual damages, trebled, arising from Defendants' sale of counterfeit products.

**FOURTH CLAIM**
***(by Amazon.com Services LLC[2] against all Defendants)***
**Breach of Contract**

72. Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

73. Defendants established an Amazon selling account and entered into Amazon's BSA, a binding and enforceable contract between Defendants and Amazon. Defendants also contractually agreed to be bound by the policies incorporated by reference into the BSA, including Amazon's Anti-Counterfeiting Policy and other policies as maintained on the Amazon seller website.

74. Amazon performed all obligations required of it under the terms of the contract with Defendants or was excused from doing so.

75. Defendants' sale and distribution of counterfeit LiftMaster-branded products materially breached the BSA and the Anti-Counterfeiting Policy in numerous ways. Among other things, Defendants' conduct constitutes infringement and misuse of the IP rights of Chamberlain.

76. In furtherance of their sale and distribution of counterfeit LiftMaster-branded products, Defendants further breached the BSA and its incorporated policies by submitting falsified invoices to Amazon after their Selling Account was suspended in an effort to have their Account reinstated.

77. Additionally, Defendants breached the BSA by failing to reimburse Amazon for the amounts it paid, in accordance with Amazon's policies, to refund customers who purchased counterfeit products from Defendants.

78. Defendants' breaches have caused significant harm to Amazon, and Amazon is entitled to damages in an amount to be determined.

[2] For the Fourth Claim only, "Amazon" shall refer to Amazon.com Services LLC only.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A. That the Court enter an order permanently enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them, from:

(i) selling counterfeit or infringing products in Amazon's stores;

(ii) selling counterfeit or infringing products to Amazon or any Amazon affiliate;

(iii) importing, manufacturing, producing, distributing, circulating, offering to sell, selling, promoting, or displaying any product using any simulation, reproduction, counterfeit, copy, or colorable imitation of Chamberlain's brand or trademark, or which otherwise infringes Chamberlain's IP, in any store or in any medium; and

(iv) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (iii) above;

B. That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

C. That the Court enter an order requiring Defendants to provide Plaintiffs with all records in their possession, custody, and control related to Defendants' unlawful activities, including materials sufficient to identify their supplier of the counterfeit LiftMaster-branded products;

D. That the Court enter an order pursuant to 15 U.S.C. § 1118 impounding and permitting destruction of all counterfeit and infringing products bearing the LiftMaster Trademarks or that otherwise infringe Chamberlain's IP, and any related materials, including business records and materials used to reproduce any infringing products, in Defendants' possession or under their control;



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

E. That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

F. That the Court enter an order requiring Defendants to pay all general, special, and actual damages which Chamberlain has sustained, or will sustain as a consequence of Defendants' unlawful acts, plus Defendants' profits from the unlawful conduct described herein, together with its statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law, and that Amazon's damages, plus Defendants' profits, related to Defendants' activities involving the sale of counterfeit products be enhanced, doubled, or trebled as provided by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

G. That the Court enter an order requiring Defendants to pay the maximum amount of prejudgment interest authorized by law;

H. That the Court enter an order requiring Defendants to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law;

I. That the Court enter an order requiring that identified financial institutions restrain and transfer to Plaintiffs all amounts arising from Defendants' unlawful counterfeiting activities as set forth in this lawsuit, up to a total amount necessary to satisfy monetary judgment in this case; and

J. That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.



Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

DATED this 20th day of November, 2026.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiffs*

*/s/ Scott Commerson*
Scott Commerson, WSBA #58085
350 South Grand Avenue, 27th Floor
Los Angeles, CA 90071-3460
Tel: (213) 633-6800
Fax: (213) 633-6899
Email: scottcommerson@dwt.com